**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| ROBERTA J. R., | Case No.: 1:25-cv-00039-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending is Plaintiff Roberta J. R.'s Complaint (Dkt. 1), appealing the Social Security Administration's denial of her disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On April 20, 2022, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning April 21, 2021 (later amended to February 19, 2022). This application was originally denied on January 27, 2023, and again on reconsideration on August 28, 2023. On or around August 31, 2023, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On February 26, 2024, ALJ Luke Brennan held a telephonic hearing, at which time Plaintiff, represented by her attorney, Jacob Bernhardt, appeared and testified. Karen S. Blak, an impartial vocational expert, also appeared and testified at the same hearing.

On March 8, 2024, the ALJ issued a decision denying Plaintiff's claim, finding that she was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council. On November 25, 2024, the Appeals Council denied

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted her administrative remedies, Plaintiff brings this case.  She raises two points of error: (i) the ALJ's residual functional capacity assessment ("RFC") is not supported by substantial evidence because the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony and ignored other critical evidence in the record; and (ii) the ALJ failed to properly develop the record.  *See* Pl.'s Brief at 1-11 (Dkt. 17).  Plaintiff requests that the Court either reverse the ALJ's decision and find that she is entitled to benefits, or remand the case for further proceedings.  *See id.* at 11; *see also* Compl. at 3-4 (Dkt. 1).

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  *See* 42 U.S.C. § 405(g).  If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.  The ALJ is responsible

**MEMORANDUM DECISION AND ORDER - 2**

for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## III. DISCUSSION

### A. Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the

**MEMORANDUM DECISION AND ORDER - 3**

claimant has engaged in SGA, disability benefits are denied regardless of her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Plaintiff had not engaged in SGA since February 19, 2022 (the amended alleged onset date). AR 22.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner had the following severe medically determinable impairments: "Major Depressive Disorder, Attention Deficit Hyperactivity Disorder (ADHD), Post-Traumatic Stress Disorder (PTSD), Borderline Personality Disorder (BPD), Tardive Dyskinesia, Traumatic Brain Injury (TBI), Fibromyalgia, and Cervical Disc Protrusion with Radicular Pain." AR 22-23.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the

**MEMORANDUM DECISION AND ORDER - 4**

evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the ALJ

concluded that Petitioner's above-listed medically determinable impairments, while severe, did

not meet or medically equal, either singly or in combination, the criteria established for any of

the qualifying impairments.  AR 24.

The fourth step of the evaluation process requires the ALJ to determine whether the

claimant's RFC is sufficient for the claimant to perform past relevant work.  20 C.F.R.

§§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and

mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R.

§§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last

15 years, or 15 years prior to the date that disability must be established, if the work lasted long

enough for the claimant to learn to do the job and be engaged in SGA.  20 C.F.R. §§

404.1560(b), 404.1565, 416.960(b), 416.965.  Here, the ALJ concluded:

> After careful consideration of the entire record, I find that the
> claimant has the residual functional capacity to perform medium
> work as defined in 20 CFR 404.1567(c) except that she can lift and
> carry up to 50 pounds occasionally and 25 pounds frequently.  She
> can stand or walk without limitation with normal and customary
> breaks.  She can sit without limitation with normal and customary
> breaks.  She can frequently climb ramps or stairs, and occasionally
> climb ladders, ropes, and scaffolds.  She can frequently balance,
> stoop, kneel, crouch, and crawl.  She can understand, remember,
> and carry out simple, routine, or repetitive tasks.  She can have
> frequent interaction with supervisors and coworkers, but only
> occasional interactions with the general public, and no interactions
> in customer service tasks.  She can perform goal-oriented tasks, but
> not tasks or jobs that require a specific production rate quota, such
> as assembly line work.

AR 27.

In the fifth and final step, if it has been established that a claimant can no longer perform

past relevant work because of her impairments, the burden shifts to the Commissioner to show

that the claimant retains the ability to do alternate work and to demonstrate that such alternate

**MEMORANDUM DECISION AND ORDER - 5**

work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled.  Here, the ALJ found that Plaintiff was unable to perform any of her past relevant work (customer service representative, insurance claims processor, and insurance claims examiner).  AR 37.  However, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including commercial cleaner, laundry worker, and kitchen helper.  AR 35-37.  Based on these findings, the ALJ concluded that Plaintiff was not under a disability at any time from February 19, 2022 (the amended alleged onset date) through March 8, 2024 (the date of the decision).  AR 37-38.

**B.     Analysis**

Plaintiff challenges the ALJ's decision on two grounds.  First, she argues that the ALJ erred in evaluating her subjective symptom testimony.  Plaintiff contends that the ALJ improperly relied on her activities of daily living to discount her allegations of disabling symptoms.  *See* Pl.'s Brief at 2-5 (Dkt. 17).  She argues the ALJ mischaracterized the nature and extent of those activities and failed to account for evidence reflecting significant limitations in performing them.  *Id.*  She further asserts that the ALJ selectively cited evidence suggesting improvement while overlooking the broader context of her treatment.  *See id*. at 5-9.  This context included psychiatric hospitalizations and a prolonged period of partial hospitalization, which she argues undermines the ALJ's conclusions that her symptoms improved with treatment.  *Id.*  Second, Plaintiff argues that the ALJ failed to properly develop the record.  According to Plaintiff, the ALJ rejected the opinions of examining physicians as vague or ambiguous, but

**MEMORANDUM DECISION AND ORDER - 6**

failed to seek clarification or obtain additional medical opinion evidence addressing her functional limitations. *See id*. at 9-11.

Defendant disagrees, responding that the ALJ's evaluation of the evidence was reasonable and supported by substantial evidence. *See* Def.'s Brief at 3-7 (Dkt. 19). Defendant asserts that the ALJ permissibly discounted Plaintiff's allegations based on inconsistencies with the medical record, improvement with treatment, and her reported activities. *Id*. Defendant further contends that the record was sufficiently developed to provide an adequate basis for the RFC determination and that the ALJ was not required to recontact the examining physicians or obtain additional opinion evidence. *See id*. at 7-10.

The Court addresses each issue in turn.

1.      The ALJ Reasonably Discounted Plaintiff's Subjective Complaints

Plaintiff's first challenge is that the ALJ's assessment of her subjective complaints is not supported by substantial evidence. Plaintiff asserts that her physical and mental impairments – particularly chronic pain associated with fibromyalgia, symptoms related to a traumatic brain injury, and ongoing mental health difficulties – significantly limit her ability to function on a sustained basis. AR 308-20, 357-63. She reported that pain, illness, and sleepless nights caused frequent lateness and absences from work, contributing to conflict with employers. *Id*. Plaintiff further alleged that her symptoms interfere with basic daily activities: she prepares simple meals only occasionally because standing causes back pain, performs household chores infrequently and slowly, and rarely leaves the house except for brief errands such as retrieving mail or doing laundry. *Id*. She also reported cognitive and mental health limitations, including impulse control, memory problems, difficulty concentrating, impaired word finding, and trouble following conversations or instructions, which she attributes in part to her brain injury. *Id*. According to Plaintiff, these limitations make it difficult for her to complete tasks, interact with

**MEMORANDUM DECISION AND ORDER - 7**

others, and maintain attention long enough to perform work activities on a regular and continuing basis. *Id*. Plaintiff's hearing testimony tracked these allegations. AR 55-62.

   *a.*   *The Standard for Evaluating Subjective Complaints*

As the trier-of-fact, the ALJ is in the best position to make credibility determinations, and for this reason, his determinations are entitled to great weight. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). An ALJ is not "required to believe every allegation of disabling pain" or other nonexertional impairment. *Fair*, 885 F.2d at 603. However, if an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific reasons for doing so. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Id*.

The ALJ may engage in ordinary techniques of credibility evaluation, including consideration of (i) the claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct; as well as (ii) the claimant's daily activities, the claimant's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider location, duration, and frequency of symptoms; factors that precipitate and aggravate those

**MEMORANDUM DECISION AND ORDER - 8**

symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms.  *See* SSR 16-3p, available at 2017 WL 518034 (October 25, 2017).  In short, it is solely within the ALJ's province to assess the credibility of the claimant's testimony.  *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Generalized findings will not satisfy this standard, though.  The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46).  This requires that the ALJ "identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. at 493 (quoting *Reddick*, 157 F.3d at 722); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (in other words, "the 'clear and convincing' standard requires an ALJ to show his work").

On appeal, the district court's role is to review, not redo, this work.  So long as there is substantial evidence for the ALJ's decision – even if there is another interpretation of the evidence – courts will not engage in second-guessing.  *Thomas*, 278 F.3d at 959.  When the ALJ's rationale for rejecting a claimant's testimony is "clear enough that it has the power to convince," the Court must affirm whether the Court is personally persuaded by the analysis or not.  *Smartt*, 53 F.4th at 499.

b.      *The ALJ's Evaluation of Plaintiff's Subjective Complaints*

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  AR 29.  For the reasons that follow, the ALJ's

**MEMORANDUM DECISION AND ORDER - 9**

justification in this regard amounts to clear and convincing reasons for questioning Plaintiff's symptom testimony. The ALJ adequately showed his work.

First, the ALJ determined that Plaintiff's allegations of disabling symptoms were not fully consistent with the objective medical evidence. Plaintiff argues that the ALJ mischaracterized the medical record and selectively cited evidence suggesting improvement. *See* Pl.'s Brief at 8-9 (Dkt. 17). However, the ALJ reasonably interpreted the record as undermining Plaintiff's allegations of extreme and debilitating limitations. In particular, the ALJ cited multiple examinations reflecting largely normal physical findings, evidence that Plaintiff's symptoms improved with treatment, reports that medication effectively managed certain symptoms, and documentation of functional activities inconsistent with the level of limitation alleged. *See* AR 30-32, 35 (citing AR 470-73, 777-79, 790, 817, 953-80, 1120-24, 1128, 1167-68, 1174-75, 1178-80). These references provided a reasonable evidentiary basis for the ALJ's conclusion that Plaintiff's subjective complaints were not entirely consistent with the medical record. *See Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The Court must uphold that determination even if the evidence could also be interpreted to support Plaintiff's interpretation.

Second, without denying the existence of Plaintiff's symptoms, the ALJ reasonably relied on evidence showing that they improved with treatment. The decision discussed medical records reflecting improvement through therapy, medication management, and other treatment modalities, as well as failure to follow treatment. AR 30-33 (citing AR 775, 953-80, 1146). Such evidence may properly undermine allegations of disabling symptoms when the record

**MEMORANDUM DECISION AND ORDER - 10**

reflects that treatment alleviated those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (effectiveness of medical treatment); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (an ALJ may rely on "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" in weighing a claimant's credibility), *superseded on other grounds by regulation*.[1]

Third, the ALJ considered Plaintiff's reported daily activities. AR 35. Plaintiff argues that the ALJ improperly relied on these activities without considering their limited nature and the context in which they were performed. *See* Pl.'s Brief at 2-5 (Dkt. 17). While the Court acknowledges that daily activities should not be viewed in isolation, the relevant inquiry is not whether Plaintiff could perform these activities without difficulty, but whether the activities were inconsistent with her claims of completely disabling limitations. *See Smartt*, 53 F.4th at 499 (a claimant's "daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'") (quoting *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012)). Here, the ALJ cited evidence that Plaintiff

---

[1] Plaintiff also argues that the ALJ failed to consider the full context of her mental health treatment. *See* Pl.'s Brief at 5-6 (Dkt. 17). The record does not support that contention. The ALJ acknowledged Plaintiff's mental health treatment, including her psychiatric hospitalizations in 2022. AR 32. The ALJ nonetheless reasonably concluded that Plaintiff's symptoms improved over time. The decision noted that, by early 2023, Plaintiff exhibited normal thought processes, average intellectual functioning, intact attention and concentration, and logical thinking during mental status examinations. AR 32 (citing AR 778-79). Though the ALJ ultimately critiqued this examination and indicated more limitations as part of Plaintiff's RFC (AR 34), he was entitled to consider this evidence when evaluating the consistency of Plaintiff's subjective complaints with the record.

**MEMORANDUM DECISION AND ORDER - 11**

reported preparing meals, performing some household chores, driving, shopping, attending church, dining out, traveling out of state, and planning extended travel. AR 27-29 (citing AR 267, 308-20, 777, 993). Even if these activities were performed intermittently or with some limitation, they reasonably supported the ALJ's conclusion that Plaintiff retained the capacity to perform less demanding work.

Fourth, much of Plaintiff's argument relating to the ALJ's evaluation of her subjective complaints relies on instances in the record – including Plaintiff's own testimony that the ALJ questioned – where her impairments and related symptoms are verified. *See* Pl.'s Brief at 3-4, 8-9 (Dkt. 17). These references confirm that Plaintiff suffers from certain impairments and that such impairments impact her ability to work. But this is understood and undisputed. The ALJ already acknowledged that Plaintiff suffers from several severe impairments that significantly limit her ability to perform basic work activities. AR 22-24. However, the issue is not whether such impairments, symptoms, and limitations exist, but the extent to which they prevent Plaintiff from working at all. To the extent that Plaintiff's argument hinges upon the mere existence of limiting impairments, it misses the point. The ALJ specifically accounted for Plaintiff's impairments and corresponding limitations within his RFC. AR 24, 27-35 ("Overall, while I agree that the claimant experiences limitations from her impairments, there is little evidence to support a finding that the claimant would be unable to sustain work requiring only those limited demands consistent with the residual functional capacity established in this decision."). Plaintiff does not identify any evidence in the record showing that these limitations are insufficient to accommodate her mental health conditions and symptoms.[2]

---

[2] Plaintiff also argues that the ALJ failed to account for the impact her hospitalizations would have on her ability to maintain regular attendance at work. *See* Pl.'s Brief at 6-7 (Dkt. 17). However, the ALJ was not required to infer a work-preclusive level of absenteeism from these treatment episodes alone. The record does not contain a medical opinion stating that

**MEMORANDUM DECISION AND ORDER - 12**

Taken together, these considerations[3] provide clear and convincing reasons supporting the ALJ's decision to discount Plaintiff's subjective symptom allegations.  Importantly, the Court's role is not to determine in the first instance whether Plaintiff is disabled under the Social Security Act, or even whether she experiences significant limitations.  Rather, the Court must decide whether the ALJ's findings are supported by substantial evidence and free of harmful legal error.  In evaluating Plaintiff's testimony, the ALJ did not dispute that Plaintiff experiences symptoms related to her impairments; the relevant inquiry was whether those impairments prevent her from sustaining full-time work.

On that point, Plaintiff identifies evidence that she believes supports a different conclusion.  But the presence of conflicting evidence does not warrant reversal or remand.  Even if the record could support Plaintiff's interpretation, the ALJ's evaluation of her subjective complaints was supported by clear and convincing reasons grounded in the record.  Because the ALJ's interpretation is rational and supported by substantial evidence, the Court must defer to it. *See Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision.").

Plaintiff has not shown that the ALJ erred in evaluating her subjective complaints.  Remand is not warranted on this issue.

---

Plaintiff's treatment would require absences exceeding the level tolerated in competitive employment, nor does it establish that such treatment would occur with a regularity that is incompatible with sustained work.  While periods of hospitalization may temporarily disrupt employment, it does not *ipso facto* demonstrate ongoing absenteeism.

[3]  Even if one of the ALJ's stated reasons for discounting Plaintiff's testimony were erroneous, any such error would be harmless.  When an ALJ provides multiple reasons for discounting a claimant's statements, the Court may affirm so long as at least one of the reasons is legally sufficient.  *See Carmickle*, 533 F.3d at 1162-63.

**MEMORANDUM DECISION AND ORDER - 13**

2.      The ALJ's Development of the Record Was Appropriate

Plaintiff's second challenge is that the ALJ failed to properly develop the record. Specifically, she contends that the ALJ rejected the opinions of examining physicians Drs. Spackman and McGuffey as vague or ambiguous, but did not take steps to clarify those opinions or obtain additional medical opinion evidence addressing her functional limitations. *See* Pl.'s Brief at 10 (Dkt. 17). According to Plaintiff, these physicians were among the few sources who examined her and were therefore uniquely positioned to assess the limiting effects of her impairments. *See id.* She further asserts that the ALJ instead relied on opinions from state agency reviewers who evaluated the record before significant evidence was added, including records related to her partial hospitalization program, additional outpatient mental health treatment, and physical therapy documenting limitations in her ability to walk and tolerate activity. *See id.* at 7-8, 10-11. Plaintiff maintains that, because the reviewers did not consider this later evidence, their opinions do not provide substantial support for the RFC assessment. *See id.* In her view, once the ALJ determined the examining physicians' opinions were insufficiently specific, the ALJ had a duty to further develop the record – either by recontacting those physicians or obtaining a new medical opinion that accounted for the full record.

*a.      The Standard for Developing the Record*

When applying for disability benefits, the claimant has the duty to prove that she is disabled. 20 C.F.R. § 404.1512(a)(1) ("In general, you have to prove to us that you are [ ] disabled."). Still, the ALJ has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). The ALJ has a duty to further develop the record where the evidence is ambiguous or the ALJ finds that the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276

**MEMORANDUM DECISION AND ORDER - 14**

F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  A specific finding of ambiguity or inadequacy in the record is not required to trigger the necessity to further develop the record where the record itself establishes the ambiguity or inadequacy. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

          b.      *The ALJ's Evaluation of the Record*

The Court is not persuaded that the ALJ failed to properly develop the record.  It is true that the ALJ found the opinions of Drs. Spackman and McGuffey to be vague and ambiguous. AR 33-34.  But that does not translate into a requirement that the ALJ must then recontact those physicians or obtain additional medical opinion evidence.  The duty to further develop the record arises only when the evidence is ambiguous or the record is inadequate *for proper evaluation of the evidence.  See supra* (citing *Mayes*, 276 F.3d at 459-60; *Tonapetyan*, 242 F.3d at 1150). Even where an opinion contains vague or imprecise language, an ALJ is not obligated to seek clarification so long as the record as a whole permits a reasoned determination.  *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (holding that an ALJ was not required to recontact a physician whose opinion used vague terms such as "limited" or "fair").  Here, the ALJ did what the regulations require – he evaluated the opinions under the applicable factors of supportability and consistency and explained why he found them unpersuasive.  That assessment does not trigger an independent duty to further develop the record.

Nor was the record inadequate to assess Plaintiff's impairments and articulate her RFC. The administrative record contained extensive medical records and findings.  This is precisely the type of evidentiary record on which an ALJ may reasonably assess a claimant's functional limitations.  *See id*. ("Given that the ALJ had years of Ford's mental health records and multiple opinions from non-examining psychiatrists to inform her decision, this duty [to further develop the record] was not triggered.").  Moreover, the ALJ is required to consider the findings of the

**MEMORANDUM DECISION AND ORDER - 15**

state agency reviewers, who are recognized as experts in Social Security disability evaluation. *See* 20 C.F.R. § 404.1513a(b)(1) ("[ALJs] are not required to adopt any prior administrative medical findings, but they must consider this evidence . . . as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). The mere fact that additional evidence was added to the record after those consultants rendered their opinions does not render the record inadequate or their opinions unreliable. *See, e.g.*, *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020) (noting that a time gap between consultant review and the ALJ's decision is common and does not invalidate the ALJ's reliance on those opinions).

Ultimately, it is the ALJ's responsibility – not that of any individual medical source – to review the entire record and make administrative findings regarding a claimant's RFC. *See* 20 C.F.R. § 404.1513a(b). The ALJ fulfilled that role here. There is no indication that the ALJ failed to consider the medical opinions alongside the treatment records and other evidence when fashioning Plaintiff's RFC. In short, this case does not present the type of evidentiary vacuum that would trigger a duty to further develop the record. Because the existing record provided a sufficient basis for the ALJ's evaluation of Plaintiff's limitations, the Court finds no error in the ALJ's handling of the record.

Remand is not warranted on this issue either.

## IV. <u>CONCLUSION</u>

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. The ALJ has provided reasonable and rational support for his conclusions, even if such evidence is susceptible to a different interpretation. Accordingly, the ALJ's decisions as to Plaintiff's

**MEMORANDUM DECISION AND ORDER - 16**

disability claim were based upon proper legal standards and supported by substantial evidence. The Commissioner's decision is affirmed and Plaintiff's Complaint (Dkt. 1) is denied.

## V. **<u>ORDER</u>**

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED, that Plaintiff's Complaint (Dkt. 1) is DENIED, and this action is DISMISSED in its entirety, with prejudice.

DATED:  March 19, 2026



_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 17**